**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
FEB 14 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JASON LEOPOLD
12011 San Vicente Boulevard
Suite 300
Los Angeles, CA 90049

and

NATIONAL SECURITY COUNSELORS
1200 South Courthouse Road, Suite 124
Arlington, VA 22204,

Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY
Washington, DC 20505,

and

DEPARTMENT OF DEFENSE
1400 Defense Pentagon
Washington, DC 20301,

and

DEPARTMENT OF ENERGY
1000 Independence Avenue, SW
Washington, DC 20585,

and

DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530,

and

DEPARTMENT OF THE TREASURY
1500 Pennsylvania Avenue, NW
Washington, DC 20220,

Case: 1:12-cv-00245
Assigned To : Howell, Beryl A.
Assign. Date : 2/14/2012
Description: Privacy Act /FOIA

**COMPLAINT**

| | |
|---|---|
| and | * |
| | * |
| NATIONAL ARCHIVES AND | * |
| RECORDS ADMINISTRATION | * |
| 8601 Adelphi Road | * |
| College Park, MD 20740, | * |
| | * |
| and | * |
| | * |
| OFFICE OF THE DIRECTOR OF | * |
| NATIONAL INTELLIGENCE | * |
| Washington, DC 20511, | * |
| | * |
| Defendants. | * |
| | * |

* * * * * * * * * * * * *

Plaintiffs Jason Leopold and National Security Counselors bring this action against Defendants Central Intelligence Agency, Department of Defense, Department of Energy, Department of Justice, Department of the Treasury, National Archives and Records Administration, and Office of the Director of National Intelligence pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

**JURISDICTION**

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

**VENUE**

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff Jason Leopold ("Leopold") is a U.S. citizen and a resident of the state of California.

4. Plaintiff National Security Counselors ("NSC") is a non-profit organization under the laws of the Commonwealth of Virginia.

5. Defendant Central Intelligence Agency ("CIA") is an agency within the meaning of 5 U.S.C. § 552(e).

6. Defendant Department of Defense ("DOD") is an agency within the meaning of 5 U.S.C. § 552(e).

7. The Defense Intelligence Agency ("DIA"), National Geospatial-Intelligence Agency ("NGA"), National Reconnaissance Office ("NRO"), National Security Agency ("NSA"), U.S. Air Force ("USAF"), and U.S. Army ("Army") are DOD components.

8. Defendant Department of Energy ("DOE") is an agency within the meaning of 5 U.S.C. § 552(e).

9. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e).

10. The Drug Enforcement Agency ("DEA") and Federal Bureau of Investigation ("FBI") are DOJ components.

11. Defendant Department of the Treasury ("Treasury") is an agency within the meaning of 5 U.S.C. § 552(e).

12. Defendant National Archives and Records Administration ("NARA") is an agency within the meaning of 5 U.S.C. § 552(e).

13. Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552(e).

**FIRST CAUSE OF ACTION**

**(FBI)**

14. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

15. Pursuant to 5 U.S.C. § 552(a)(7)(B), "Each agency shall . . . establish a phone line or Internet service that provides information about the status of a request to the person making the request . . . , including . . . an estimated date on which the agency will complete action on the request."

16. On 29 December 2011 Leopold requested estimated dates of completion for FOIA Request Nos. 1164662-000 and 1173466-000 from FBI. FBI Public Information Officer David Sobonya ("Sobonya") informed him that, due to receiving voluminous requests, it could not provide estimated dates of completion for his requests.

17. On 22 January 2012 Leopold again requested estimated dates of completion for his two FOIA requests from Sobonya, this time citing to 5 U.S.C. § 552(a)(7)(B). On 23 January 2012 Sobonya replied, "Regarding a status report for FOIA Request Numbers #1164662-000 and #1173446-000, they are being processed in the 'First-in/First-out' order and that (sic) we are not able to give an estimated date of completion."

18. On 25 January 2012 Leopold again requested estimated dates of completion for his two FOIA requests from Sobonya. Sobonya again replied, "Regarding a status report for FOIA Request Numbers #1164662-000 and #1173446-000, they are being processed in the 'First-in/First-out' order and that (sic) we are not able to give an estimated date of completion."

19. On 23 January 2012 NSC requested estimated dates of completion for Request No. 1178630-000, for which it was the requester, and nine FOIA requests that it filed on behalf

of various clients from Sobonya. Sobonya replied, "Regarding a status report for the below listed FOIA Request Numbers, they are being processed in the 'First-in/First-out' order and that (sic) we are not able to give an estimated date of completion."

20. Upon information and belief, Sobonya's repeated refusal to provide estimated dates of completion represents an ongoing policy, practice, or Standard Operating Procedure ("SOP").

21. A policy, practice, or SOP of refusing to provide estimated dates of completion to requesters is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

22. As frequent FOIA requesters, Leopold and NSC stand to continue to be harmed by this ongoing practice in the future.

23. Plaintiffs are therefore entitled to relief in the form of a declaratory order that FBI is in violation of its statutory responsibilities under FOIA and an injunction compelling FBI pursuant to that statute to provide estimated dates of completion to requesters upon request.

**SECOND CAUSE OF ACTION**

**(NARA/CIA/DOD/DOJ)**

24. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

25. In 2010 NARA sent records responsive to FOIA Request No. 10-079 to CIA for consultation. In 2011 NARA sent records response to FOIA Request No. 11-044 to CIA for consultation.

26. On 30 March 2011 NSC requested an estimated date of completion for Request No. 10-079 from NARA. NARA did not provide an estimated date of completion.

27. On 8 October 2011 NSC requested a status update for Request Nos. 10-079 and 11-044 from NARA.

28. On 13 October 2011 NARA representative Joseph Scanlon ("Scanlon") replied, "The CIA has not responded to any office in NARA to date regarding your requests. They have also not informed us of any case numbers that they would have assigned to your FOIA/MDR requests."

29. On 13 October 2011 NSC replied to Scanlon, "OK, then I'll make a formal request that will imbue you with the authority to get an answer from CIA. Please provide me with an estimated date of completion for NGC 10-079 and NGC 11-044, as is my right under 5 U.S.C. 552(a)(7)(B). This will naturally require you to obtain an estimated date of completion for each request from CIA for their response to your consultations that you can include in your estimate for me, which they are by law required to give to you." Scanlon did not reply to this message.

30. On 5 February 2012 NSC again requested estimated dates of completion for its two requests from Scanlon. Scanlon did not reply to this message.

31. In 2009 NARA sent records responsive to fifteen FOIA requests filed by the James Madison Project ("JMP") to multiple agencies, including CIA, for consultation.

32. On 30 January 2012 JMP requested estimated dates of completion for all fifteen requests from NARA, stating:

> Pursuant to 5 U.S.C. 552(a)(7), I am requesting estimated dates of completion for the following pending FOIA requests submitted by the James Madison Project: NW 30226, 30730, 32186, 32187, 32188, 32218, 32220, 32221, 32222, 32223,

32224, 32230, 32231, 32272, and 32273. . . . Most of these requests pertain to specific classified documents that were identified for declassification review dating back to May 2009. In addition to estimated dates of completion I am also requesting the identity of the agencies performing the declassification review and the request numbers those agencies have assigned to the referred documentation.

33. On 1 February 2012 NARA representative Martha Murphy ("Murphy") replied: We cannot give you estimated dates of completion for these cases because we are waiting for review decisions by a number of agencies. While some referred documents have been returned to us, we cannot finish processing a case until we have received decisions on all referred documents for that case. It is the policy of the National Archives and Records Administration (NARA) not to identify the agencies to which we have referred documents. Since NARA is not involved in the internal review processes of other agencies, we have no way of knowing the request numbers those agencies have assigned to the referred documents or where a case stands within their review queues.

34. Upon information and belief, CIA and several DOD and DOJ components are among the "number of agencies" referenced by Murphy.

35. Upon information and belief, NARA's repeated refusal to provide estimated dates of completion for requests currently involved in consultations with other agencies represents an ongoing policy, practice, or Standard Operating Procedure ("SOP").

36. A policy, practice, or SOP of refusing to provide estimated dates of completion to requesters is in violation of FOIA. Such a practice constitutes outrageous conduct for purposes

of the broad equitable powers provided by FOIA to the Court. Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

37. It is currently unclear if this result is caused by: a) a NARA practice of refusing to provide estimated dates of completion for requests in consultation; b) a practice of the other agencies of refusing to provide estimated dates of completion to the originating agency (e.g., NARA) for requests in consultation; or c) a combination of both (a) and (b).

38. For this reason, NARA, CIA, DOD, and DOJ are all jointly and severably named as Defendants in this action, so that the agencies responsible cannot avoid judicial review of this unlawful policy, practice, or SOP by claiming that the correct agency was not named.

39. As a frequent FOIA requester of national security records which often require consultations with third party agencies, NSC stands to continue to be harmed by this ongoing practice in the future.

40. NSC is therefore entitled to relief in the form of a declaratory order that NARA, CIA, DOD, and/or DOJ are in violation of their statutory responsibilities under FOIA and an injunction compelling the responsible agencies pursuant to that statute to provide estimated dates of completion for requests in consultation.

## THIRD CAUSE OF ACTION

## (ODNI/CIA/DOD/DOE/DOJ/TREASURY)

41. Plaintiffs repeat and reallege the allegations contained in all paragraphs set forth above.

42. In 2010 ODNI sent records responsive to FOIA Request No. DF-2010-00012 to fifteen agencies for consultation. Upon information and belief, CIA, DOE, Treasury, and several

DOD components (DIA, NGA, NRO, NSA, USAF, Army) and DOJ components (DEA, FBI) are among the fifteen.

43. On 16 September 2010 NSC requested an estimated date of completion for this request from ODNI. ODNI representative Jennifer Hudson ("Hudson") replied that ODNI had received responses from four agencies, but would not specify which ones. Hudson indicated that would ask the remaining eleven agencies for status updates.

44. On 12 October 2010 NSC requested a response from Hudson to its 16 September 2010 message.

45. On 19 October 2010 Hudson replied, "We routinely follow up on all referrals. However, we are unable to provide an estimate for when we may be able to provide a response. Please be advised that we continue to work as quickly as possible on your request."

46. On 4 January 2012 NSC again requested an estimated date of completion for this request from Hudson. On 5 January 2012 Hudson replied that no completion date could be provided.

47. On 6 January 2012 NSC replied to Hudson, stating:

> Agencies are required to give estimated dates of completion. Consultations and external coordination do not absolve agencies of that requirement. If you tell another agency with which you are coordinating/consulting that a requester has asked for an ETA, *that agency* must give *you* an ETA for *its* part so that *you* can give the requester an ETA for the whole thing. You need to impress upon the CIA, the DOD, and any other agencies you're dealing with on these requests/appeals that their immediate response with an estimated date of completion for their parts is not optional.

48.     Hudson did not provide an estimated date of completion, instead replying that ODNI "will continue to work with the agencies."

49.     Upon information and belief, ODNI's repeated refusal to provide an estimated date of completion for Request No. DF-2010-00012 represents an ongoing policy, practice, or Standard Operating Procedure ("SOP").

50.     A policy, practice, or SOP of refusing to provide estimated dates of completion to requesters is in violation of FOIA.  Such a practice constitutes outrageous conduct for purposes of the broad equitable powers provided by FOIA to the Court.  Such a policy is arbitrary, capricious, an abuse of discretion, or otherwise contrary to law.

51.     Upon information and belief, ODNI has no policy, practice, or SOP of refusing to provide estimated dates of completion for requests in consultation.  Upon information and belief, this result is caused by a practice of other agencies of refusing to provide estimated dates of completion to the originating agency (e.g., ODNI) for requests in consultation, which renders ODNI incapable of complying with 5 U.S.C. § 552(a)(7)(B).  ODNI is therefore named as a Defendant only out of an abundance of caution regarding potential jurisdictional arguments.

52.     For this reason, ODNI, CIA, DOD, DOE, DOJ, and Treasury are all jointly and severably named as Defendants in this action, so that the agencies responsible cannot avoid judicial review of this unlawful policy, practice, or SOP by claiming that the correct agency was not named.

53.     As a frequent FOIA requester of national security records which often require consultations with third party agencies, NSC stands to continue to be harmed by this ongoing practice in the future.


54.     NSC is therefore entitled to relief in the form of a declaratory order that ODNI, CIA, DOD, DOE, DOJ, and/or Treasury are in violation of their statutory responsibilities under FOIA and an injunction compelling the responsible agencies pursuant to that statute to provide estimated dates of completion for requests in consultation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Jason Leopold and National Security Counselors pray that this Court:

(1)     Declare the Federal Bureau of Investigation's refusal to provide estimated dates of completion to requesters upon request a violation of federal law, and that this violation was intentional and/or willful;

(2)     Declare and find that any FBI regulations, guidelines, or policy statements that authorize refusing to provide estimated dates of completion constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(3)     Order FBI, in the form of injunctive relief, to provide estimated dates of completion to requesters upon request and to amend its regulations, guidelines, and policy statements accordingly;

(4)     Declare a refusal to provide estimated dates of completion for requests in consultation a violation of federal law, and that this violation was intentional and/or willful;

(5)     Declare and find that any Central Intelligence Agency, Department of Defense, Department of Energy, Department of Justice, Department of the Treasury, National Archives and Records Administration, or Office of the Director of National Intelligence regulations, guidelines, or policy statements that authorize refusing to provide estimated dates of completion

for requests in consultation constitute an unreasonable interpretation of the statutory obligations imposed by FOIA;

(6) Order CIA, DOD, DOE, DOJ, Treasury, NARA, and/or ODNI, in the form of injunctive relief, to provide estimated dates of completion for requests in consultation and to amend their regulations, guidelines, and policy statements accordingly;

(7) Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(8) Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(9) Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(10) Grant such other relief as the Court may deem just and proper.

Date: February 14, 2012

Respectfully submitted,

Kelly B. McClanahan, Esq.
DC Bar #984704
National Security Counselors
1200 South Courthouse Road
Suite 124
Arlington, VA 22204
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiffs*