IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JASON LEOPOLD AND
NATIONAL SECURITY COUNSELORS,

Plaintiffs,

v.

CENTRAL INTELLIGENCE AGENCY, et al.

Defendants.

Civil Action No. 12-cv-00245 (BAH)

**DECLARATION OF DAVID M. HARDY**

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), located in Winchester, Virginia. I have held this position since August 1, 2002. Prior to joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 21, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the state of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 274 employees who staff a total of ten (10) FBI Headquarters ("FBIHQ") units and two field operational service center units whose collective mission is to effectively plan, develop, direct,

and manage responses to requests for access to FBI records and information pursuant to the FOIA, as most recently amended by the OPEN Government Act of 2007; the Open FOIA Act of 2009; the Privacy Act of 1974; Executive Order 13526, Presidential, Attorney General, and FBI policies and procedures; judicial decisions; and Presidential and Congressional directives. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the FBI's responses to the FOIA/Privacy Act requests made by plaintiffs, Jason Leopold and National Security Counselors ("NSC").

(4) The FBI submits this declaration in support of its motion for summary judgment and to provide the Court and plaintiffs with the status of the FOIA requests for which plaintiffs seek estimated dates of completion pursuant to 5 U.S.C. § 552(a)(7)(B)(ii).

**PROCEDURAL HISTORY OF PLAINTIFF'S FOIA/PRIVACY ACT REQUESTS**

(5) In the complaint filed February 14, 2012, plaintiffs identified three FBI requests by tracking numbers for which estimated dates of completion had not yet been provided: 1164662-000, 1173446-000, and 1178630. Set forth below is the relevant chronology and description of the pertinent correspondence concerning plaintiffs' three FOIA/Privacy Act requests, the status of those requests, and for those requests not yet complete, an estimated date of completion. Copies of the relevant correspondence are attached hereto as **Exhibits A-K.**

**FOIA REQUEST NO. 1164662**

(6) By email dated April 12, 2011, plaintiff, Jason Leopold, submitted a FOIA request, seeking various types of records about a third-party, Hesham Abu Zubaidah. **(See Exhibit A.)**

(7) Plaintiff Leopold also provided additional emails to RIDS to clarify, update and amend the substance of his initial request with respect to the items of information plaintiff wanted to be searched about third-party Hesham Abu Zubaidah.[1]

(8) By letter dated May 23, 2011, the FBI advised Mr. Leopold that it had received his FOIA request of April 12, 2011, and had assigned it FOIA Number 1164662-000, titling the subject of the request as "ZUBAIDAH, HESHAM ABU (2001 TO 2010)." RIDS advised Mr. Leopold that, since he had requested records concerning a third party he would have to provide consent of the third party, proof that the subject was deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy of the individual. By email dated May 9, 2010, Mr. Leopold returned a signed DOJ Certification of Identity form for Mr. Zubaidah along with five additional search specifications to be added to his FOIA request of April 12, 2011.

(9) By letter dated August 26, 2011, the FBI informed Mr. Leopold that RIDS was searching for, retrieving, scanning, and evaluating files that might be responsive to the request. RIDS also advised him that he could check the status of his request by calling the FBI's FOIA Public Information Center. **(See Exhibit B.)**

---

[1] These additional emails regarding the substance of the request were on April 12 and April 14, 2011. As this litigation concerns estimated dates of completion, only limited correspondence relevant to the status of processing the requests at issue have been included as exhibits herein.

(10) By letter dated September 22, 2011, the FBI notified Mr. Leopold that RIDS had located approximately 1,200 pages potentially responsive to his FOIA request. RIDS also advised Mr. Leopold that while no payment was due, the potential cost for duplication fees if all of the pages potentially responsive to his request were released to him would be $110.00 if the release was made in paper or $35.00 if the material was released on CD. The letter also offered the option to reduce the scope of the request in order to lower duplication fees and hasten the receipt of the release. **(See Exhibit C.)**

(11) By letter dated September 26, 2011, Mr. Leopold advised that he agreed to pay the duplication fees for his request and that he would like the release on CD. The FBI received this response via fax and by regular mail. **(See Exhibit D.)**

(12) RIDS estimates it will complete Mr. Leopold's request on or about October 5, 2012.

**FOIA REQUEST No. 1173446**

(13) By email dated September 13, 2011, plaintiff, Mr. Jason Leopold, filed a second FOIA/Privacy Act request for information regarding information about himself and included a notarized, scanned copy of a DOJ Certification of Identity form. **(See Exhibit E.)**

(14) By letter dated October 26, 2011, the FBI acknowledged Mr. Leopold's FOIA/Privacy Act request of September 13, 2011 and assigned it FOIA Number 1173446-000, titling the subject of the request "LEOPOLD, JASON." RIDS advised Mr. Leopold that it was searching the indices to the Central Records System for the information responsive to his request. RIDS also advised Mr. Leopold that he could check the status of his FOIA/Privacy Act request at the FBI's FOIA website. **(See Exhibit F.)**

(15) RIDS completed this request on April 11, 2012. By letter dated April 11, 2012, in

referring to his September 13, 2011 request, the FBI advised Mr. Leopold that it had reviewed three pages and it was releasing three pages to him. The FBI advised him that it had withheld information pursuant to Exemptions (b)(6), (b)(7)(C), (b)(7)(E), and (b)(7)(F). Finally, Mr. Leopold was advised that he could appeal the FBI's denials within sixty (60) days from the date of RIDS's letter by writing to the DOJ OIP. **(<u>See</u> Exhibit G.)**

**<u>FOIA REQUEST No.1178630-000</u>**

(16) By letter dated December 6, 2011, plaintiff, NSC, submitted a FOIA request, seeking additional information concerning the Intelligence Identities Protection Act of 1982.[2] **(<u>See</u> Exhibit H.)**

(17) By letter dated December 7, 2011, the FBI acknowledged NSC's FOIA request and advised that it had been assigned FOIA Number 1178630-000, titling the subject of the request as "INTELLIGENCE IDENTITIES PROTECTION ACT OF 1982." RIDS advised NSC that it was searching the indices to the Central Records System for information responsive to the request. RIDS also advised that NSC could check the status of its FOIA/Privacy Act request at the FBI's FOIA website. **(<u>See</u> Exhibit I.)**

(18) RIDS completed this request on June 4, 2012. By letter dated June 4, 2012, the FBI advised NSC that it had reviewed 72 pages and it was releasing 50 pages. The FBI advised NSC that it had withheld information pursuant to Exemptions (b)(1), (b)(3), National Security Act of 1947 and CIA Act of 1949, (b)(6), (b)(7)(C), and (b)(7)(D). NSC was also advised that there was

---

[2] NSC originally filed a FOIA request concerning the Intelligence Identities Protection Act of 1982 on April 21, 2008. This request was completed on September 30, 2009. The information requested in FOIA No. 1178630-000 pertained to field office files and -0 files that were not received in the April 21, 2008 FOIA request.

an outstanding referral of one document to the DOJ Office of Professional Responsibility ("OPR") for direct response to NSC and that per RIDS coordination with that office, DOJ OPR estimated completion thirty days from the date of the RIDS letter. Finally, the FBI advised NSC that it could appeal the FBI's denials within sixty (60) days from the date of its letter by writing to the DOJ OIP. **(See Exhibit J.)**

## RIDS POLICY ON ESTIMATED DATES OF COMPLETION

(19) As part of the review of the history of its actions in response to plaintiffs' requests for estimated dates of completion, I issued a policy memorandum to all RIDS personnel dated June 18, 2012, reiterating the statutory obligation to provide FOIA requesters with estimated dates of completion when prompted for this information. RIDS has begun to provide estimated dates of completion upon request and will continue this practice so long as the FOIA requires such. **(See Exhibit K.)**

## CONCLUSION

(20) Two of the three FOIA/Privacy Act requests addressed in the complaint are complete with respect to the FBI. The estimated date of completion for the one outstanding FOIA request, NO. 1164662-000, submitted by Mr. Leopold is on or about October 5, 2012.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of June, 2012.

David M. Hardy
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Winchester, Virginia

# Exhibit A

**Sobonya, David P.**

**From:** Jason Leopold [jason@truthout.org]
**Sent:** Tuesday, April 12, 2011 2:27 PM
**To:** FOIPA_Request
**Subject:** Request for documents under the Freedom of Information Act

Dear FOIA Officer:
This is a request filed under the Freedom of Information Act.

Please provide all documents, including emails, notes, memoranda, from the agency pertaining to discussions agency officials and agents had between August 2001 and December 31, 2010 about Hesham Abu Zubaidah, brother of Zayn al-Abidin Muhammad Husayn, aka Abu Zubaydah, a high-value detainee currently imprisoned at Guantanamo Bay.

Please provide all documents, including emails, memoranda, notes, pertaining to visits FBI agents made to an immigration prison in the state of Oregon beginning in August 2001 and ending in February 2003 to meet with Hesham Abu Zubaidah and documents, emails, memoranda and notes, that detail discussions FBI agents had with Hesham Abu Zubaidah about the attacks on September 11, 2001, al-Qaeda, and Zayn al-Abidin Muhammad Husayn,

Please provide all documents, including emails, memoranda, notes, pertaining to visits FBI agents made to the Florida residence of Hesham Abu Zubaidah from June 2003 to December 31, 2010. Please provide all documents, notes, emails, memoranda, detailing the substance of those discussions

Please provide all documents, including emails, memoranda, notes, from June 2003 to December 31, 2010 pertaining to an FBI decision to "recruit" Hesham Abu Zubaidah to act as an agent or representative for the FBI and infiltrate Mosques in the United States and provide case agents and/or the FBI with intelligence or other information on individuals or an individual.

My name is Jason Leopold. I am the Deputy Managing Editor of the news organization Truthout.org. We are a full-fledged, nonprofit media company.

I am a working member of the press and request a full-waiver of any and all fees incurred. My expedited request for these documents is being done so I may swiftly inform the public about civil rights and civil liberties issues.

Sincerely,
Jason Leopold
Truthout.org
1669 Benedict Canyon Drive
Beverly Hills, California
90210

Alternate address:
Truthout.org
PO Box 276414
Sacramento, California
95827
--

Jason Leopold
Deputy Managing Editor/Reporter
Truthout.org
jason@truthout.org
213 270 4334
twitter.com/JasonLeopold

# Exhibit B



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

August 26, 2011

MR. JASON LEOPOLD
TRUTHOUT.ORG
1669 BENEDICT CANYON DRIVE
BEVERLY HILLS, CA 90210

Request No: 1164662-000
Subject: ZUBAIDAH, HESHAM ABU (2001
TO 2010)

Dear Requester:

The purpose of this letter is to advise you of the status of your pending Freedom of Information/Privacy Acts (FOIPA) request at the Federal Bureau of Investigation (FBI). Currently the FBI is searching for, retrieving, scanning, and evaluating files that may be responsive to your request. Many factors may contribute to the time required to process your request; however, the greatest single factor is the number of documents associated with your request.

Once your files have been evaluated as potentially responsive, your request will be forwarded to the "perfected backlog", where your request will wait for assignment to an analyst.

You may inquire as to the status of your request by calling the FBI's FOIPA Public Information Center at 540-868-4593.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information Dissemination Section
Records Management Division

# Exhibit C



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

September 22, 2011

MR. JASON LEOPOLD
TRUTHOUT.ORG
1669 BENEDICT CANYON DRIVE
BEVERLY HILLS, CA 90210

FOIPA Request No.: 1164662- 000
Subject: ZUBAIDAH, HESHAM ABU (2001 TO 2010)

Dear Mr. Leopold:

This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request.

We have located approximately 1,200 pages which are potentially responsive to your request. Pursuant to the U.S. Department of Justice (DOJ) regulations, 28 C.F.R. §§ 16.11 and 16.49, there is a duplication fee of ten cents per page if you receive a paper copy. Releases are also available on CD upon request. Each CD contains approximately 500 pages per release. The 500 page estimate is based on our business practice of processing medium and large track cases through interim releases that generally equal approximately 500 pages. The first 100 pages of duplication, or the cost equivalent ($10.00) for releases on CD, will be provided to you at no charge. In accordance with the DOJ regulations, the FBI notifies requesters when anticipated fees exceed $25.00. If all of the pages that are potentially responsive to your request are released, you will owe $110.00 in duplication fees to receive a paper copy or $35.00 (3 CD's at $15.00 less $10.00) to receive the release on a CD. Please remember this is only an estimate, and if some of the pages are withheld in full pursuant to FOIA/Privacy Act exemption(s) or are determined to not be responsive to your request, the actual charges could be less.

To accelerate the processing of your request, you may wish to consider reducing the scope of your request so that it will fall within one of the smaller queues. This may allow you to lower your search and duplication costs and hasten the receipt of your information. The FBI uses a three-queue system as a way to fairly assign and process new requests. The placement of a request in one of the three queues depends on the total number of pages responsive to that request - 500 pages or less (small queue), 501 pages to 2500 pages (medium queue), or more than 2500 pages (large queue). The small queue has the fastest rate of processing. Please let us know in writing if you are interested in discussing the possibility of reducing the scope of your request, as well as your willingness to pay the estimated search and duplication costs indicated in the above paragraph. Your written response should provide a telephone number where you can be reached between the hours of 8:00 a.m. and 5:00 p.m., EST, if one is available. Please send this response to: Work Process Unit, Record Information/Dissemination Section, Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. You may also fax your response to the following number: 540-868-4997, Attention: Work Process Unit.

**No payment is required at this time. However, you must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD) and your commitment to pay the estimated fee.** If we do not receive your commitment to pay within thirty (30) days of the date of this notification, your request will be closed. Please include the FOIPA Request Number listed above in any communication regarding this matter.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

# Exhibit D

## FAX TRANSMISSION COVER SHEET

***Date:*** *September 27, 2011*

***To:*** *Work Process Unit/FBI*

***Fax:*** *540-868-4997*

***Subject:*** *Zubaida, Hesham Abu*

***Sender:*** *Jason Leopold*

*YOU SHOULD RECEIVE ____ PAGE(S), INCLUDING THIS COVER SHEET. IF YOU DO NOT RECEIVE ALL THE PAGES, PLEASE CALL 310-248-6299.*

*This facsimile may contain information that is confidential or attorney-client privileged and may constitute inside information. The contents of this email are intended only for the recipient(s) listed above. If you are not the intended recipient, you are directed not to read, disclose, distribute or otherwise use this transmission. If you have received this facsimile in error, please notify the sender immediately and delete the transmission. Delivery of this message is not intended to waive any applicable privileges.*

let's get the truthout • let's get the truthout • let's get the truthout •

September 26, 2011

Work Process Unit
Record Information/Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602

SUBJECT: ZUBAIDA, HESHAM ABU (2001-2010) FOIPA REQUEST NO.: 1164662-000

Dear FOIPA Manager:

I am in receipt of the September 22, 2011 letter signed by David M. Hardy regarding documents located by the FBI responsive to my FOIPA request: Hesham Abu Zubaidah.

I wish to pay the fees incurred for all documents located that are responsive to this request (approximately 1,200 pages) and I wish to have those documents made available to me on CD. Please advise me how to make arrangements for payment.

I request that all materials responsive to my request be directed to the address in the signature box below. Should you need additional information please don't hesitate to contact me at (213) 270-4334.

Kind regards

Jason Leopold
Deputy Managing Editor/Investigative Reporter
Truthout.org
1669 Benedict Canyon Drive
Beverly Hills, CA 90210
jason@truthout.org
(213) 270-4334



U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

September 22, 2011

MR. JASON LEOPOLD
TRUTHOUT.ORG
1669 BENEDICT CANYON DRIVE
BEVERLY HILLS, CA 90210

FOIPA Request No.: 1164662-000
Subject: ZUBAIDAH, HESHAM ABU (2001 TO 2010)

Dear Mr. Leopold:

This is in reference to your Freedom of Information-Privacy Acts (FOIPA) request.

We have located approximately 1,200 pages which are potentially responsive to your request. Pursuant to the U.S. Department of Justice (DOJ) regulations, 28 C.F.R. §§ 16.11 and 16.49, there is a duplication fee of ten cents per page if you receive a paper copy. Releases are also available on CD upon request. Each CD contains approximately 500 pages per release. The 500 page estimate is based on our business practice of processing medium and large track cases through interim releases that generally equal approximately 500 pages. The first 100 pages of duplication, or the cost equivalent ($10.00) for releases on CD, will be provided to you at no charge. In accordance with the DOJ regulations, the FBI notifies requesters when anticipated fees exceed $25.00. If all of the pages that are potentially responsive to your request are released, you will owe $110.00 in duplication fees to receive a paper copy or $35.00 (3 CD's at $15.00 less $10.00) to receive the release on a CD. Please remember this is only an estimate, and if some of the pages are withheld in full pursuant to FOIA/Privacy Act exemption(s) or are determined to not be responsive to your request, the actual charges could be less.

To accelerate the processing of your request, you may wish to consider reducing the scope of your request so that it will fall within one of the smaller queues. This may allow you to lower your search and duplication costs and hasten the receipt of your information. The FBI uses a three-queue system as a way to fairly assign and process new requests. The placement of a request in one of the three queues depends on the total number of pages responsive to that request - 500 pages or less (small queue), 501 pages to 2500 pages (medium queue), or more than 2500 pages (large queue). The small queue has the fastest rate of processing. Please let us know in writing if you are interested in discussing the possibility of reducing the scope of your request, as well as your willingness to pay the estimated search and duplication costs indicated in the above paragraph. Your written response should provide a telephone number where you can be reached between the hours of 8:00 a.m. and 5:00 p.m., EST, if one is available. Please send this response to: Work Process Unit, Record Information/Dissemination Section, Records Management Division, Federal Bureau of Investigation, 170 Marcel Drive, Winchester, VA 22602. You may also fax your response to the following number: 540-868-4997, Attention: Work Process Unit.

No payment is required at this time. **However, you must notify us in writing within thirty (30) days from the date of this letter of your format decision (paper or CD) and your commitment to pay the estimated fee.** If we do not receive your commitment to pay within thirty (30) days of the date of this notification, your request will be closed. Please include the FOIPA Request Number listed above in any communication regarding this matter.

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division



Fearless Journalism. Fresh Perspectives. Always Independent.

**Jason Leopold**
*Deputy Managing Editor/Investigative Reporter*
jason@truthout.org
213.270.4334

**Truthout**
**PO Box 276414**
**Sacramento, CA 95827**



September 26, 2011

Work Process Unit
Record Information/Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602

*SUBJECT: ZUBAIDA, HESHAM ABU (2001-2010) FOIPA REQUEST NO.: 1164662-000*

Dear FOIPA Manager:

I am in receipt of the September 22, 2011 letter signed by David M. Hardy regarding documents located by the FBI responsive to my FOIPA request: Hesham Abu Zubaidah.

I wish to pay the fees incurred for all documents located that are responsive to this request (approximately 1,200 pages) and I wish to have those documents made available to me on CD. Please advise me how to make arrangements for payment.

I request that all materials responsive to my request be directed to the address in the signature box below. Should you need additional information please don't hesitate to contact me at (213) 270-4334.

Kind regards

Jason Leopold
Deputy Managing Editor/Investigative Reporter
Truthout.org
1669 Benedict Canyon Drive
Beverly Hills, CA 90210
jason@truthout.org
(213) 270-4334

JASON Leopold

let's get the truthout • let's get the truthout • let's get the truthout •

t

ATTN: WORK PROCESS UNIT
RECORD INFORMATION/DISSEMINATION SECTION
RECORDS MANAGEMENT DIVISION
FEDERAL BUREAU OF INVESTIGATION
170 MARCEL DRIVE
WINCHESTER, VA 22602

truthout • P.O. Box 276414, Sacramento, CA 95827 • tel: 213.489.1971 • www.truthout.org

# Exhibit E

**Sobonya, David P.**

**From:** Jason Leopold [jason@truthout.org]
**Sent:** Tuesday, September 13, 2011 6:39 PM
**To:** FOIPA_Request
**Subject:** Request for materials under the Freedom of Information Act
**Attachments:** Certificate of Identity.pdf

Federal Bureau of Investigation
Attn: FOI/PA Request
Record/Information Dissemination Section
170 Marcel Drive
Winchester, VA 22602-4843
Fax: (540) 868-4997
E-mail: foiparequest@ic.fbi.gov

Dear FOIA Officer,
This is a Freedom of Information Act/Privacy Act request. I am seeking notes and/or a report and/or emails and/or any other documents written by Special Agent Bill Tidwell of the FBI's Tampa/Brevard RA (field office) that was based on a two-hour meeting and a discussion he held on Friday August 26, 2011 beginning at approximately 10 am in which he cited me, Jason Leopold, by name and the news organization I work for, TRUTHOUT, to the individual he was speaking with that morning: Hesham Abu Zubaydah. This meeting took place at 466 Picasso Avenue Northeast, Palm Bay, Florida 32907.

Attached to this email is a notarized, scanned copy of Form-DOJ-361 (Certification of Citizenship). I request that my FOIA/PA request be expedited. I am working member of the media currently preparing a report revolving around this issue for which their is a compelling public interest. As a working member of the media, I request all fees be waived. However, I am willing to pay copying costs up to $100.

Kind Regards,
Jason Leopold
--
Jason Leopold
Deputy Managing Editor/Investigative Reporter
Truthout.org
jason@truthout.org
213 270 4334
twitter.com/JasonLeopold

**U.S Department of Justice**

# Certification of Identity

FORM APPROVED OMB NO. 1103-0016
EXPIRES 10/31/13

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The purpose of this solicitation is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. Requests will not be processed if this information is not furnished. False information on this form may subject the requester to criminal penalties under 18 U.S.C. Section 1001 and/or 5 U.S.C. Section 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1] JASON LEOPOLD FRCP 5.2/L.R. 5.4(f)(1) & (f)(3)

Citizenship Status [2] US citizen Social Security Number [3] [redacted]

Current Address 1669 BENEDICT CANYON DRIVE BEVERLY HILLS, CA 90210

Date of Birth [redacted] Place of Birth BRONX, NEW YORK

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4] [signature] Date 9-13-11

**OPTIONAL: Authorization to Release Information to Another Person**

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

**Print or Type Name**

[1] Name of individual who is the subject of the record(s) sought.

[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.

[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.

[4] Signature of individual who is the subject of the record sought.

FORM DOJ-361

## CALIFORNIA JURAT WITH AFFIANT STATEMENT

GOVERNMENT CODE § 8202

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

Signature of Document Signer No. 1

Signature of Document Signer No. 2 (if any)

State of California

County of Los Angeles

JOCELYN LANE
Commission # 1932361
Notary Public - California
Los Angeles County
My Comm. Expires Apr 11, 2015

Place Notary Seal Above

Subscribed and sworn to (or affirmed) before me on this 13th (Date) day of Sept. (Month), 20 11 (Year), by

(1) Jason Leopold (Name of Signer),

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2) ______________ (Name of Signer),

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature [signature] (Signature of Notary Public)

### OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document: ______________

Document Date: ______________ Number of Pages: ______

Signer(s) Other Than Named Above: ______________

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

© 2010 National Notary Association • NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)

Item #5910

# Exhibit F



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

October 26, 2011

MR. JASON LEOPOLD
1669 BENEDICT CANYON DRIVE
BEVERLY HILLS, CA 90210

FOIPA Request No.: 1173446- 000
Subject: LEOPOLD, JASON

Dear Mr. Leopold:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☒ This FOIPA request has been received at FBI Headquarters for processing.

☐ This FOIPA request has been received at the **[______ Resident Agency / _______ Field Office]** and forwarded to FBI Headquarters for processing.

☒ We are searching the indices to our Central Records System for the information responsive to this request. You will be informed of the results in future correspondence.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☒ Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

# Exhibit G



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

April 11, 2012

MR. JASON LEOPOLD
1669 BENEDICT CANYON DRIVE
BEVERLY HILLS, CA 90210

Subject: LEOPOLD, JASON

FOIPA No. 1173446

Dear Mr. Leopold:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| Section 552 | | Section 552a |
|---|---|---|
| ☐(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☐(b)(3)______________ | ☒(b)(7)(C) | ☐(k)(1) |
| ______________ | ☐(b)(7)(D) | ☐(k)(2) |
| ______________ | ☒(b)(7)(E) | ☐(k)(3) |
| ______________ | ☒(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

3 **page(s)** were reviewed and 3 **page(s)** are being released.

☐ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

- ☐ referred to the OGA for review and direct response to you.
- ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s).  Because of our significant backlog, we have given priority to processing only the main investigative file(s).  If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosure(s)
        Enclosed please find records that were processed from file 190-HQ-C1667538.  This is the final release for this request and the material is being provided to you and no charge.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5) information compiled in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/heridentity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

# Exhibit H

**NATIONAL SECURITY COUNSELORS**

1200 SOUTH COURTHOUSE ROAD
SUITE 124
ARLINGTON, VA 22204

TELEPHONE: (301) 728-5908
FACSIMILE: (240) 681-2189

KEL MCCLANAHAN, ESQ., EXECUTIVE DIRECTOR (admitted in NY, DC)
EMAIL: KEL@NATIONALSECURITYLAW.ORG
BRADLEY P. MOSS, ESQ., DEPUTY EXECUTIVE DIRECTOR (admitted in IL, DC)
EMAIL: BRAD@NATIONALSECURITYLAW.ORG

6 December 2011

David M. Hardy, Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
170 Marcel Drive
Winchester, VA 22602-4843

Re: FOIA Request – Previously blackballed records

Dear Mr. Hardy:

In the Notes for FOIA Request No. 1113357-000 for 30 April 2008, it states: "ST ACS Search completed on 04/25/08 by <redacted> produced several files. The FO files and -0 files will be blackballed per SOP and due to this is a HQ request." This is a request on behalf of National Security Counselors ("NSC") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for copies of **the "FO files and -0 files" referenced in that Note.**

If you deny all or part of this request, please cite the specific exemptions you believe justify your refusal to release the information or permit the review and notify us of your appeal procedures available under the law. In excising material, please "black out" rather than "white out" or "cut out."

We are hereby requesting classification as a representative of the news media. NSC is a non-profit organization under Virginia law, has the ability to disseminate information on a wide scale, and intends to use information obtained through FOIA in original works. According to 5 U.S.C. § 552(a)(4)(A)(ii), codifying the ruling of *Nat'l Security Archive v. Dep't of Defense*, 880 F.2d 1381 (D.C. Cir. 1989),

> the term "a representative of the news media" means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience.

NSC has clear intent to "publish[ ] or otherwise disseminate[ ] information to the public." *Id.* at 1386 (quoting the following legislative history: 1) "It is critical that the phrase 'representative of the news media' be broadly interpreted if the act is to work as expected. . . . In fact, *any person*

*or organization which regularly publishes or disseminates information to the public . . . should qualify for waivers as a 'representative of the news media.'*" 132 Cong. Rec. S14298 (daily ed. Sept. 30, 1986) (emphasis in original quotation); 2) "A request by a reporter or other person affiliated with a newspaper, magazine, television or radio station, *or other entity that is in the business of publishing or otherwise disseminating information to the public* qualifies under this provision." 132 Cong. Rec. H9463 (Oct. 8, 1986) (emphasis in original quotation)). Our website, where much of the information received through our FOIA requests is posted for all to review, can be accessed at http://www.nationalsecuritylaw.org. In addition, we also intend to use information obtained through FOIA in our own published opinion editorials, journal articles, and the like. I personally have already published information received through FOIA in this manner (Kel McClanahan, *A Perception Based Model for Comparing Intelligence Communities,* 25(2) AMER. INTELLIGENCE J. 46 (Winter 2007/2008) (includes material obtained through a CIA FOIA request)), and our Document Vault contains summaries of the records we have obtained, as well as analyses of their relevance. Therefore, in accordance with the Freedom of Information Act and relevant case law, NSC should be considered a representative of the news media.

Because of the small number of responsive records and the ease with which you should be able to locate them, it is not necessary at this time to request a public interest fee waiver. If you conclude that you will locate more pages than will fit on a single CD *(without artificially limiting the number of pages put on the CD)*, which we are entitled to receive free of charge, please inform us and I will file the fee waiver paperwork at that time.

I also specifically state for the record our unwillingness to pay any fees for this request. Please do not delay the processing of this request by needlessly requesting further confirmation of this unwillingness to pay fees or terminate the processing of this request for failure to provide you with such confirmation. This statement is a full and unequivocal refusal to pay *any* fees for this request.

The FBI is required by law to respond to this request within 20 working days. Failure to timely comply may result in the filing of a civil action against your agency in a United States District Court.

Please provide any records produced in response to this request in electronic (soft-copy) form. Please provide soft-copy records by email or on a CD if email is not feasible. If a CD is necessary, we specifically absolve the FBI of its responsibility to make interim releases and direct the FBI to provide *all* responsive records on *one CD* at the end of its processing of this request unless all the records will not physically fit on one CD.

Your cooperation in this matter would be appreciated. If you wish to discuss this request, please do not hesitate to contact me.

Sincerely,

Kel McClanahan
Executive Director

# Exhibit I



**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

December 7, 2011

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
SUITE 124
1200 SOUTH COURTHOUSE ROAD
ARLINGTON, VA 22204

FOIPA Request No.: 1178630- 000
Subject: INTELLIGENCE IDENTITIES PROTECTION ACT OF 1982

Dear Mr. McClanahan:

This acknowledges receipt of your Freedom of Information/Privacy Acts (FOIPA) request to the FBI.

☒ This FOIPA request has been received at FBI Headquarters for processing.

☐ This FOIPA request has been received at the **[______ Resident Agency / _______ Field Office]** and forwarded to FBI Headquarters for processing.

☒ We are searching the indices to our Central Records System for the information responsive to this request. You will be informed of the results in future correspondence.

☐ Your request for a fee waiver is being considered and you will be advised of the decision at a later date.

☒ Please check for the status of your FOIPA request at www.fbi.gov/foia

The FOIPA Request number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

Very truly yours,

David M. Hardy
Section Chief,
Record/Information
Dissemination Section
Records Management Division

# Exhibit J

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

June 4, 2012

MR. KEL MCCLANAHAN
NATIONAL SECURITY COUNSELORS
SUITE 124
1200 SOUTH COURTHOUSE ROAD
ARLINGTON, VA 22204

Subject: INTELLIGENCE IDENTITIES PROTECTION ACT OF 1982

FOIPA No. 1178630- 000

Dear Mr. McClanahan:

The enclosed documents were reviewed under the Freedom of Information/Privacy Acts (FOIPA), Title 5, United States Code, Section 552/552a. Deletions have been made to protect information which is exempt from disclosure, with the appropriate exemptions noted on the page next to the excision. In addition, a deleted page information sheet was inserted in the file to indicate where pages were withheld entirely. The exemptions used to withhold information are marked below and explained on the enclosed Form OPCA-16a:

| **Section 552** | | **Section 552a** |
|---|---|---|
| ☒(b)(1) | ☐(b)(7)(A) | ☐(d)(5) |
| ☐(b)(2) | ☐(b)(7)(B) | ☐(j)(2) |
| ☒(b)(3) National Security Act of 1947 | ☒(b)(7)(C) | ☐(k)(1) |
| CIA Act of 1949 | ☒(b)(7)(D) | ☐(k)(2) |
| ______________ | ☐(b)(7)(E) | ☐(k)(3) |
| ______________ | ☐(b)(7)(F) | ☐(k)(4) |
| ☐(b)(4) | ☐(b)(8) | ☐(k)(5) |
| ☐(b)(5) | ☐(b)(9) | ☐(k)(6) |
| ☒(b)(6) | | ☐(k)(7) |

**72** pages were reviewed and **50** pages are being released.

☒ Document(s) were located which originated with, or contained information concerning other Government agency(ies) [OGA]. This information has been:

- ☒ referred to the OGA for review and direct response to you.
- ☐ referred to the OGA for consultation. The FBI will correspond with you regarding this information when the consultation is finished.

☐ In accordance with standard FBI practice, this response neither confirms nor denies the existence of your subject's name on any watch lists.

☒ You have the right to appeal any denials in this release. Appeals should be directed in writing to the Director, Office of Information Policy, U.S. Department of Justice,1425 New York Ave., NW, Suite 11050, Washington, D.C. 20530-0001. Your appeal must be received by OIP within sixty (60) days from the date of this letter in order to be considered timely. The envelope and the letter should be clearly marked "Freedom of Information Appeal." Please cite the FOIPA Number assigned to your request so that it may be easily identified.

☐ The enclosed material is from the main investigative file(s) in which the subject(s) of your request was the focus of the investigation.  Our search located additional references, in files relating to other individuals, or matters, which may or may not be about your subject(s).  Our experience has shown, when ident, references usually contain information similar to the information processed in the main file(s). Because of our significant backlog, we have given priority to processing only the main investigative file(s). If you want the references, you must submit a separate request for them in writing, and they will be reviewed at a later date, as time and resources permit.

☒ See additional information which follows.

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
   Dissemination Section
Records Management Division

Enclosures (3)

In response to your Freedom of Information Act (FOIA) request submitted to FBI Headquarters, enclosed is a processed copy of the FBI Headquarters file HQ 243-0, FBI Portland file PD 243-00, FBI Salt Lake City file 243-00, FBI Boston file BS 243-00, EP 243-00, and FBI Honolulu file HN 243-1.

To minimize costs to both you are the FBI, duplicate copies of the same document were not processed.

This completed the processing of your request by the FBI.  One document was referred to the Department of Justice (DOJ)-Office of Professional Responsibility (OPR) for direct response to you.  Per our coordination with DOJ-OPR, their estimated completion date will be on or before 30 days from the date of this letter.

**EXPLANATION OF EXEMPTIONS**

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552**

(b)(1) (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld;

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ( A ) could be reasonably be expected to interfere with enforcement proceedings, ( B ) would deprive a person of a right to a fair trial or an impartial adjudication, ( C ) could be reasonably expected to constitute an unwarranted invasion of personal privacy, ( D ) could reasonably be expected to disclose the identity of confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of record or information compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, ( E ) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or ( F ) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

**SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a**

(d)(5) information compiled in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

FBI/DOJ

# Exhibit K

18 June 2012

From:  SC David M. Hardy

To:  RIDS Personnel

Subj:  Providing Estimated Dates of Completion to FOIA Requesters

      This is a reminder to all RIDS personnel emphasizing our responsibility to provide estimated dates of completion to Freedom of Information Act (FOIA) requesters who, upon request, seek information about the status of a request submitted to FBI, RIDS.  As you know, Section 7 of the OPEN Government Act of 2007, Public Law No. 110-175, amended FOIA and imposed new requirements on agencies connected with tracking the status of requests. Specifically, the FOIA provides that upon request, agencies shall provide "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

      The Department of Justice's Office of Information Policy (OIP) issued guidance pertaining to the provision of estimated completion dates in a 2008 edition of the "FOIA Post" which can be viewed for additional information (OIP Guidance:  Assigning Tracking Numbers and Providing Status Information for Requests; http://www.justice.gov/oip/foiapost/2008foiapost30.htm).  As relevant here, the OIP guidance explains that when asked to provide an estimated date of completion, even when the search for records is not yet complete, agencies should employ "reasonable judgement as to when they believe processing will be complete, based upon what remains to be done in a given case and in light of the agency's experience with processing similar requests."

      As applicable to RIDS practice, the determination of an estimated completion date will be made on an individualized or case-by-case basis and may entail the consideration of many factors, including the size of the request (if the search for records is complete), the processing queue to which the request is assigned, the median processing time for requests in the assigned queue, and the need for any consultations or direct referral of records to other agencies.

      Thank you in advance for helping FBI to meet this important legal obligation under the FOIA which comports with the core FBI value of Accountability.  Please direct questions to your Unit Chief or ASC Dennis J. Argall.