UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON LEOPOLD, *et al.*, | * |
| | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:12-cv-00245 (BAH) |
| CENTRAL INTELLIGENCE AGENCY, *et al.*, | * |
| | * |
| Defendants. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO
PLAINTIFF'S NOTICE OF SETTLEMENT**

In order to clarify for the record the details in controversy in this matter, Plaintiffs provide the following timeline:

- 10/3/12, 10:06 AM – Plaintiffs' counsel Kel McClanahan ("McClanahan") emails government counsel Marina Braswell ("Braswell") asking for an estimate of when the government would pay the agreed-upon fees.  (First Email from McClanahan to Braswell of 10/3/12, included in Ex. A.)

- 10/3/12, 1:02 PM – Braswell responds, "I haven't seen the Court sign off on what we filed, have you?"  (First Email from Braswell to McClanahan of 10/3/12, included in Ex. A.)

- 10/3/12, 3:18 PM – McClanahan responds, "No, but are you waiting for that?  If so I'll file a motion to approve the stipulation, telling the court that you will not release the money until the court approves our settlement. Do you consent?" (Second Email from McClanahan to Braswell of 10/3/12, included in Ex. A.)

- 10/3/12, 5:56 PM – Braswell responds, "Save yourself the time let's do a joint call to chambers. I don't know if the agencies can pay without the signed stipulation but it certainly would speed things up." (Second Email from Braswell to McClanahan of 10/3/12, included in Ex. A.)

- 10/3/12, 5:57 PM – McClanahan responds, "OK, how's 3 PM tomorrow?" (Third Email from McClanahan to Braswell of 10/3/12, attached as Ex. A.) Braswell does not respond.

- 10/4/12, 3:47 PM – Having received no response from Braswell, McClanahan calls her office number, 202-514-7226. (*See* Call Record, attached as Ex. B.)[1] The call lasts 42 seconds, during which McClanahan leaves a voice mail for Braswell requesting a return phone call so that they may make the joint call to chambers. (*See id.*) Braswell does not respond.

- 10/5/12, 4:49 PM – McClanahan calls Braswell again and leaves another voice mail message for 24 seconds. (*See id.*) Braswell does not respond.

- 10/10/12, 3:56 PM – McClanahan calls Braswell again and leaves another voice mail message for 37 seconds. (*See id.*). Braswell does not respond.

- 10/11/12, 3:36 PM – McClanahan calls Braswell again and leaves a voice mail message informing Braswell that if she does not call him back by the end of the day he will ask the Court for assistance.

- 10/11/12, 4:55 PM – McClanahan files this Notice asking the Court for assistance. Braswell calls him five minutes later to complain that he did not give her until the

---

[1] Time in this call record is recorded in Greenwich Mean Time.

*real* end of the day to respond by filing the Notice "five minutes early" and to accuse him of "misrepresenting" the number of emails to which she did not respond.[2]

With respect to the government's argument that there was no delay in its dealings with the undersigned regarding attorneys' fees, this allegation is completely unsupported by the record. Unfortunately, because the conduct in question took place during the course of confidential settlement negotiations, the undersigned is prohibited from discussing the details on the open record but is willing to provide the information to the Court under seal upon request. However, with specific respect to government counsel's assertion that she informed the undersigned that she "would work on this issue during her vacation," the record will show, if the Court views it, that while she did make this statement, 1) no work was done during her two-week vacation; 2) she explicitly refused to provide an alternate point of contact during her two-week vacation; 3) the extent to which she offered "to work on the issue" was extremely limited; 4) the government's response more than a week after she returned was to accept Plaintiffs' proposed settlement with one *very* small amendment and did not reflect a three-week deliberative process; and 5) even after the government's response on 24 August 2012 (which Plaintiffs accepted), the government further delayed filing the stipulated settlement agreement with the Court for over a month.[3]

---

[2] In fairness, the undersigned admits that the language used in the Notice was ambiguous and apologizes for any confusion. As the record shows, Braswell failed to respond to one email and four voice mail messages over the course of a week.

[3] To be clear, neither Plaintiffs nor the undersigned begrudge government counsel her vacation time; their objection is solely to her refusal to provide them with an alternate point of contact with whom they could continue the settlement process while she was gone so that the process would not freeze in place for two weeks, as it did.

The government has delayed the resolution of the attorneys' fees matter for over two months and is even now promising further delays, stating that the money will *still* not be promptly paid even after the Court approves the settlement; it only states that it "stands ready to *initiate processing payment* . . . promptly after it has been entered by this Court." (Defs.' Response Pls.' Notice of Settlement, Dkt. #20, at 2 (filed Oct. 11, 2012) (emphasis added.) Given the extensive delays for a simple attorneys' fees request, it is not unreasonable for the Court to order prompt *payment*, not prompt *initiation of a payment process of unknown duration*.

Date:   October 11, 2012

                                      Respectfully submitted,

                                       /s/ Kelly B. McClanahan
                                      Kelly B. McClanahan, Esq.
                                      DC Bar #984704
                                      National Security Counselors
                                      1200 South Courthouse Road
                                      Suite 124
                                      Arlington, VA  22204
                                      301-728-5908
                                      240-681-2189 fax
                                      Kel@NationalSecurityLaw.org

                                      *Counsel for Plaintiffs*